UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY DONALD HARHOLD,

        Petitioner,

v.                                CASE NO. 07-15139
                                  HONORABLE DENISE PAGE HOOD

JAN E. TROMBLEY,

        Respondent.
_____/

**OPINION AND ORDER DENYING HABEAS CORPUS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY
OR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Ricky Donald Harhold had filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's sentence of ten to fifteen years for two counts of first-degree child abuse. Because Petitioner's arguments lack merit, the habeas petition will be denied.

**I. Background**

Petitioner was charged in Grand Traverse County, Michigan with two counts of attempted murder and two counts of assault with intent to commit murder. The charges arose from Petitioner's attempt to kill his two young children. On September 27, 2005, Petitioner pleaded guilty to two counts of first-degree child abuse. In return, the prosecutor dismissed the original charges. The trial court sentenced Petitioner to imprisonment for two concurrent terms of ten to fifteen years. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," *see People v. Harhold*, No. 273966 (Mich. Ct. App. Dec. 6, 2006), and on April 24, 2007, the Michigan Supreme Court denied leave to appeal because it was not

persuaded to review the issue. *See People v. Harhold*, No. 133089 (Mich. Sup. Ct. Apr. 24, 2007).

Petitioner filed his habeas corpus petition on December 4, 2007. He does not contest his guilty plea. His sole claim is that the trial court failed to provide substantial and compelling reasons for exceeding the State's sentencing guidelines.

## II. Standard of Review

A state prisoner is entitled to the writ of habeas corpus only if the state court's adjudication of his claims on their merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

**III. Discussion**

Petitioner's sentencing claim is based on Mich. Comp. Laws § 769.34(3), which states that "[a] court may depart from the appropriate sentence range established under the sentencing guidelines . . . if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure." Petitioner contends that the trial court did not provide "substantial and compelling" reasons on the record for exceeding the sentencing guidelines of fifty-seven to ninety-five months (four years, nine months to seven years, eleven months).

Federal courts may not grant the writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 68 (1991). Therefore, Petitioner's state law claim is not cognizable here.

Petitioner relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington,* 542 U.S. 296 (2004), to support his argument that the trial court's upward departure from the sentencing guidelines violated his constitutional rights. Those decisions "hold that it is within the jury's province to determine any fact (other than the existence of a prior conviction) that increases the maximum punishment authorized for a particular offense." *Oregon v. Ice*, __ U.S. __, __, 129 S. Ct. 711, __ (2009). The problem with Petitioner's argument is that the *Apprendi* and *Blakely* decisions do not apply to Michigan's indeterminate sentencing scheme. *Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007) (unpublished opinion), *cert. denied*, __ U.S. __, 128 S. Ct. 1898 (2008). Therefore, Petitioner's constitutional argument also fails to provide a basis for granting the writ of habeas corpus.

**IV. Conclusion**

The state appellate court's conclusion that Petitioner's claim lacked merit did not result in a decision that was contrary to, or unreasonable application of, clearly established federal law as determined by the Supreme Court.  Accordingly, the habeas corpus petition [Dkt. #1] is **DENIED**.  The Court **DECLINES** to grant a certificate of appealability or leave to appeal *in forma pauperis* because reasonable jurists would agree with the Court's resolution of Petitioner's constitutional claim, and the issues presented do not warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 674 (2004) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  February 25, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record and Ricky D. Harhold, Reg. No. 580973, Newberry Correctional Facility, 3001 Newberry Ave., Newberry, MI 49868 on February 25, 2009, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager